UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICCO JONES, <br><br> Plaintiff, <br><br> v. <br><br> SOMERSET COUNTY PROSECUTOR'S OFFICE, et al., <br><br> Defendants. | Civil Action No. 15-2629 (FLW) <br><br><br><br> OPINION |

**WOLFSON, United States District Judge:**

I.     **INTRODUCTION**

Pro Se Plaintiff, Ricco Jones, currently incarcerated at Southern State Prison, has filed a Complaint against the Somerset County Prosecutor's Office ("SCPO"), Assistant Prosecutor Matthew Murphy ("Assistant Prosecutor Murphy"), Det. Sgt. Joseph Walsh, Jr. ("Sergeant Walsh"), as well as two John Doe Employees of the SCPO, alleging violations of his constitutional rights arising from his arrest and subsequent prosecution on multiple criminal charges.  At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.   As explained below, the malicious prosecution claims against the SCPO and Assistant Prosecutor Matthew Murphy are dismissed with prejudice.  The claims against the John Doe Defendants are dismissed without prejudice, and the false arrest and false imprisonment claims against Sgt. Joseph Walsh, Jr. shall proceed at this time.

1

## II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff's Complaint alleges that

> [o]n 6/26/12, [O]fficer Sgt. Joseph Walsh[,] Jr.[ ] arrested [Plaintiff] for the crime[s] of Burglary, Theft, and Hindering [A]pprehension.  There is video footage of the crime being committed.  [Plaintiff] was nowhere in the vicinity when the crime took place.

(ECF No. 1, Compl. at 7.)  Plaintiff additionally states that Sergeant Walsh arrested Plaintiff "after reviewing the video footage of the crime being committed by another actor." (*Id.* at 6.) According to Plaintiff's Complaint, on 5/13/13, "after reviewing the evidence," Assistant Prosecutor Murphy "still sought to convict Mr. Jones[.]"[1] (*Id.* at 7.) Plaintiff's Complaint also contends that Assistant Prosecutor Murphy's conduct in prosecuting him violated the Rules of Professional Conduct ("R.P.C."), and specifically R.P.C. 3.8.[2] (*Id.* at 6.) Plaintiff faults the Somerset County Prosecutor's Office for failing to oversee Assistant Prosecutor Murphy (*id.* at 6), and contends that the SCPO should have "intervened and advised Assistant Prosecutor Murphy about malicious prosecution and to abide by specific rule 3.8 of the R.P.C. guidelines." (*Id.* at 7.) Finally, Plaintiff has sued two John Doe employees of the SCPO and describes the involvement of these John Doe employees as "to be determined." (*Id.*)

Plaintiff executed the instant Complaint on April 7, 2015, and it was filed with this Court on April 13, 2015.  (ECF No. 1.)  The Court granted Plaintiff application to proceed *in forma pauperis* on April 21, 2015, and now conducts the required screening.

---

[1] It is not clear whether the date given by Plaintiff is the date on which Defendant Murphy initiated the prosecution against Plaintiff.  The New Jersey Department of Corrections inmate locator database lists May 13, 2013 as the date Plaintiff was sentenced.  *See* https://www20.state.nj.us/DOC_Inmate/details?x=1007564&n=0, last visited 7/23/2015.

[2] RPC 3.8 is titled "Special Duties of a Prosecutor" and details the obligations of a prosecutor, including refraining from prosecuting criminal cases without probable cause and disclosing to the defense evidence that would tend to negate the guilt of the accused.

2

### III.  ANALYSIS

#### a.  Standard for *Sua Sponte* Dismissal

Under the PLRA, district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, see 42 U.S.C. § 1997e.  The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.   Here, Plaintiff's Complaint is subject to screening under 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To survive *sua sponte* screening for failure to state a claim,[3] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

---

[3] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

### b. Plaintiff's Section 1983 Claims

The Court construes Plaintiff's Complaint as alleging claims of false arrest and false imprisonment against Sergeant Walsh arising from Plaintiff's arrest on June 26, 2012. The Court further construes the Complaint as alleging claims of malicious prosecution against the SCPO, Assistant Prosecutor Murphy, and the John Doe employees of the SCPO. The Court assesses each claim separately and begins with those Defendants that must be dismissed because they are either not amenable to suit under section 1983 or are immune from suit under section 1983.

### i. SCPO is not a "Person" for Purposes of Section 1983

To state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255–56 (3d Cir. 1994). Here, Plaintiff has sued the SCPO for allegedly failing to oversee Assistant Prosecutor Murphy and intervene in Plaintiff's prosecution. The Prosecutor's Office, however, is not a "person" amenable to suit under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (explaining that a state or an arm of the state is not a "person" within the meaning of § 1983); *Gordon v. Berkeley Twp. Police*, No. 10–5061, 2011 WL 2580473, at *4 (D.N.J. June 27, 2011) (holding that a "Prosecutor's Office" is not a "person" within the meaning of a Section 1983 suit) (citations omitted); *Baker v. Lewis*, No. 10–3438, 2010 WL 4117140, at *1 n. 1 (D.N.J. Oct.19, 2010) (same) (citations omitted). Additionally, the Prosecutors' Office is immune from a damages suit under the Eleventh Amendment to the extent that it is an entity that could even potentially be sued under § 1983. *Woodyard v. County of*

*Essex*, 514 Fed. App'x 177, 182 (3d Cir. Mar. 5, 2013).[4]  As such, Plaintiff's suit against the SCPO is dismissed with prejudice.

### ii. Assistant Prosecutor Murphy is Immune from Suit for Actions Undertaken in his Role as Assistant Prosecutor

Plaintiff has also sued Assistant Prosecutor Murphy for malicious prosecution, alleging that Murphy pursued the prosecution of Plaintiff despite the alleged video footage, which showed that another individual committed the crime(s).  Assistant Prosecutor Murphy, however, is immune from suit under § 1983 for conduct stemming from Plaintiff's prosecution.  "[A] state prosecuting attorney who act[s] within the scope of his duties in initiating and pursuing a criminal prosecution" is not amenable to suit under § 1983.  *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976). *See also Kulwicki v. Dawson*, 969 F.2d 1454, 1465 (3d Cir. 1992); *Schrob v. Catterson*, 948 F.2d 1402, 1417 (3d Cir. 1991); *Schrob v. Catterson*, 948 F.2d 1402, 1417 (3d Cir. 1991); *Rose v. Bartle*, 871 F.2d 331, 345 and n.12 (3d Cir. 1989).  Since *Imbler*, the Supreme Court has held that "absolute immunity applies when a prosecutor prepares to initiate a judicial proceeding, or appears in court to present evidence in support of a search warrant application."  *Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009) (citations omitted); *see also LeBlanc v. Stedman*, 483 F. App'x 666 (3d Cir. 2012).  "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of

---

[4] In determining whether immunity applies, a court examines: "(1) the source of the money that would pay for the judgment; (2) the status of the entity under state law; and (3) the entity's degree of autonomy." *Haybarger v. Lawrence Cnty. Adult Prob. & Parole*, 551 F.3d 193, 198 1978 (3d Cir. 2008).

his role as an advocate for the [government], are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

     The immunity afforded to prosecutors is very broad. Prosecutors are also absolutely immune from a civil suit for damages under § 1983 for: (1) instituting grand jury proceedings without proper investigation and without a good faith belief that any wrongdoing occurred, *Schrob*, 948 F.2d at 1411; *Rose v. Bartle*, *supra*; (2) initiating a prosecution without a good faith belief that any wrongdoing has occurred, *Kulwicki*, 969 F.2d at 1463-64; (3) soliciting false testimony from witnesses in grand jury proceedings, probable cause hearings, and trials, *Burns*, 500 U.S. at 490; *Kulwicki*, 969 F.2d at 1467; and (4) the knowing use of perjured testimony in a judicial proceeding, *Imbler*, 424 U.S. at 424-27; *Schrob*, 948 F.2d at 1417; *Brawer v. Horowitz*, 535 F.2d 830 (3d Cir. 1976). "[A]bsolute immunity applies when a prosecutor prepares to initiate a judicial proceeding, or appears in court to present evidence in support of a search warrant application." *Van de Kamp*, 555 U.S. at 343 (citations omitted) (further holding that a supervisory prosecutor is absolutely immune for failing to adequately train and supervise district attorneys on the duty not to withhold impeachment evidence and the failure to create any system for accessing information pertaining to the benefits provided to jailhouse informants). A falsely-charged defendant has a remedy through "safeguards" built into the judicial system," such as dismissal of the charges. *Kulwicki*, 969 F.2d at 1464.

     Here, Plaintiff alleges that Assistant Prosecutor Murphy wrongfully pursued criminal charges against him even after reviewing evidence that included a video showing that another person committed the crime(s) in question. (*See* ECF No. 1, Compl.6-7.) However, the facts alleged by Plaintiff indicate that Assistant Prosecutor Murphy was acting within the scope of his prosecutorial role. Thus, under well-settled law, Assistant Prosecutor Murphy is protected by

immunity from a damages lawsuit for his conduct. As such, the claims against Assistant Prosecutor Murphy are dismissed with prejudice.

### iii. Plaintiff Alleges no Personal Involvement on the Part of the John Doe Defendants

Plaintiff's Complaint alleges what appears to be a malicious prosecution claim against two John Doe employees of the SCPO and describes their involvement as "to be determined." (ECF No. 1, Compl. at 1.) In order to prevail on a claim under § 1983, however, plaintiff must assert that the individual defendant had personal involvement in the alleged wrongs, and liability cannot be predicated solely on the operation of *respondeat superior*. *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). After reviewing the Complaint, the Court finds that Plaintiff acknowledges in his Complaint that the role of the John Doe Defendants is unknown, and he alleges no facts indicating any personal involvement by the John Doe Defendants, other than a possible claim of *respondeat superior*, which is not cognizable under section 1983. As such, the claims against the John Doe Defendants are dismissed without prejudice.

### iv. Plaintiff's False Arrest/Imprisonment Claim Against Sergeant Walsh

The Court construes Plaintiff's Complaint as alleging false arrest and false imprisonment claims against arresting officer Sergeant Walsh.[5] "To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes–Barre*, 700 F.3d 675, 680 (3d Cir. 2012). False arrest and false imprisonment "are 'nearly identical claims,' and 'are generally analyzed together.'" *Brockington v. City of Philadelphia*, 354 F.Supp.2d 563, 571 n. 8 (E.D. Pa.

---

[5] Plaintiff's Complaint alleges that Sergeant Walsh was the arresting officer, but it does not suggest that he had any role in prosecuting him. As such, the Court does not construe Plaintiff to allege a malicious prosecution claim against Sergeant Walsh.

2005) (quoting *Maiale v. Youse*, No. Civ. A. 03–5450, 2004 WL 1925004, at *12 (E.D. Pa. Aug, 27, 2004)). Nonetheless, they are still distinct claims: "[t]he basis for false arrest is the arrest itself, whereas the basis for false imprisonment is the detention that follows the false arrest." *Reedy v. Twp. of Cranberry*, No. 2:06CV1080, 2007 WL 2318084, at *3 (W.D. Pa. Aug. 9, 2007).

"Probable cause to arrest exists when the facts and the circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Merkle v. Upper Dublin Sch. Dist.*, 2111 F.3d 782, 788 (3d Cir. 2000) (internal quotation marks and citations omitted); *accord Revell v. Port Authority of New York, New Jersey*, 598 F.3d 128, 137 n.16 (3d Cir. 2010); *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482 (3d Cir. 1995).

Here, Plaintiff alleges that Sergeant Walsh watched video footage prior to Plaintiff's arrest that showed that the crimes in question were committed by another individual. (ECF No. 1, Compl. at 6-7.) Sergeant Walsh nevertheless arrested Plaintiff for those crimes. (*Id.*) The Court finds that Plaintiff's false arrest and false imprisonment claims against Sergeant Walsh may proceed past screening at this time.[6]

---

[6] The Court notes however, that Plaintiff's claims of false arrest and imprisonment may be untimely under the two-year statute of limitations applicable to section 1983 claims. *See Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989) (finding that New Jersey's two-year limitations period on personal injury actions, N.J.S.A. § 2A:14–2, governs claims under section 1983). A claim of false arrest, and the accompanying claim for false imprisonment, begin to accrue immediately upon the arrest at issue. *Wallace v. Kato*, 549 U.S. 384, 389–90 & n. 3, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007); *Singleton v. DA Philadelphia*, 411 F. App'x 470, 472 (3d Cir. 2011) (ruling that accrual of a claim for false arrest occurred on the date that the plaintiff "was arrested and charges were filed against him"); *Alexander v. Fletcher*, 367 F. App'x 289, 290–91 (3d Cir. 2010) (affirming the district court's conclusion that a § 1983 false arrest claim began to accrue on the date of arrest). Nevertheless, while the claim accrues upon arrest, the statute of limitations does not begin to run at the same time. Instead, the statute of limitations for a false arrest/imprisonment claim begins to run "when the individual is released, or becomes

## IV.     CONCLUSION

For the reasons expressed herein, the section 1983 claims against the SCPO and Assistant Prosecutor Matthew Murphy are dismissed with prejudice.  The claims against the John Doe employees of the SCPO are dismissed without prejudice.  The section 1983 claims for false arrest and false imprisonment against Sergeant Joseph Walsh, Jr. will proceed at this time.  An appropriate Order follows.

s/Freda L. Wolfson<br>Freda L. Wolfson, U.S.D.J.

Date:  September 9, 2015

---

held pursuant to legal process," *i.e.*, is arraigned.  *Alexander*, 367 F. App'x at 290 n. 2 (citing *Wallace*, 549 U.S. at 389-90).  Here, pursuant to the prisoner mailbox rule, Plaintiff filed his Complaint on April 7, 2015 at the earliest, and Plaintiff's Complaint lists the date of his arrest as June 26, 2012.  Plaintiff's Complaint does not, however, provide the date on which he was arraigned.  As such, the Court is not yet able to determine whether his claims of false arrest and false imprisonment are untimely.