UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICCO JONES,<br><br>      **Plaintiff,**<br><br>v.<br><br>SOMERSET COUNTY PROSECUTOR'S OFFICE, et al.,<br><br>      **Defendants.** | Civil Action No. 15-2629 (FLW)<br><br><br><br>OPINION |

## I.    INTRODUCTION

This matter has been opened to the Court by Defendant Detective Sergeant Joseph Walsh Jr.'s ("Defendant") filing of a "Motion to Dismiss Plaintiff's Amended Complaint and Motion for Summary Judgment as to Plaintiff's False Arrest and False Imprisonment Claims[.]" (ECF No. 19.) Plaintiff's Amended Complaint raises § 1983 claims against Defendant Walsh for false arrest, false imprisonment, malicious prosecution, selective enforcement, as well as a state law claim for "Official Misconduct" under N.J.S.A. 2C:30-2. The claims arise out of Plaintiff's arrest for Burglary and related charges in June 2012. For the reasons explained below, the Court will deny Defendant's hybrid motion for failure to comply with the Local Civil Rules. Pursuant to the Court's screening authority under 28 U.S.C. § 1915(e)(2)(B), the Court will dismiss without prejudice the § 1983 claims for false arrest, false imprisonment, malicious prosecution, and selective enforcement, as alleged against Defendant Walsh in his personal capacity. The Court will dismiss with prejudice the state law claim for Official Misconduct. Plaintiff may file a Second Amended Complaint within 30 days to the extent he can cure the deficiencies his § 1983 claims, as described in this Opinion.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### a. The Original Complaint

Plaintiff's original Complaint is dated April 7, 2015, and was docketed on April 13, 2015. (ECF No. 1.) At the time he filed his Complaint, Plaintiff was incarcerated at Southern State Prison. (*See* ECF No. 1.) The Court granted his application to proceed *in forma pauperis* and screened the Complaint pursuant to §§ 1915A(b)(1) and 1915(e)(2)(B). (ECF Nos. 1, 2.) In its screening Order, and accompanying Opinion, the Court dismissed with prejudice the § 1983 claims against the Somerset County Prosecutor's Office. (ECF Nos. 3-4.) The Court further dismissed Plaintiff's malicious prosecution claim against Assistant Prosecutor Matthew Murphy on the basis of prosecutorial immunity. (*Id.*) The Court also dismissed without prejudice Plaintiff's § 1983 claims against the two John Doe Defendant employees of the Somerset County Prosecutor's Office. (*Id.*) The Court, however, permitted Plaintiff's § 1983 claims for false arrest and false imprisonment to proceed against Defendant Walsh. (*Id.*) In its screening Opinion, the Court noted that Plaintiff's claims against Defendant Walsh appeared to be time barred:

> Here, pursuant to the prisoner mailbox rule, Plaintiff filed his Complaint on April 7, 2015 at the earliest, and Plaintiff's Complaint lists the date of his arrest as June 26, 2012. Plaintiff's Complaint does not, however, provide the date on which he was arraigned. As such, the Court is not yet able to determine whether his claims of false arrest and false imprisonment are untimely.

(*See* ECF No. 3, Opinion at 8-9, fn. 6.)

Summons issued as to Defendant Walsh, and, on December 15, 2015, Defendant Walsh sought a Clerk's extension of time within which to file his Answer or other respond to the Complaint, which was granted. (*See* ECF No. 9.) Plaintiff subsequently wrote a letter to the Court requesting to amend his Complaint to include claims for "Discrimination and Racial

Profiling." (ECF No. 10.) The letter included a description of his claims but did not attach the Amended Complaint as required by L. Civ. R. 7.1(f). (*See id.*) Although Plaintiff did not formally request to change his address, Plaintiff's letter to the Court listed a new address at Bayside State Prison. (*Id.*) The letter was received by the Court on December 18, 2015, but was not docketed until December 29, 2015. (*See id.*)

In the meantime, on December 28, 2015, New Jersey Deputy Attorney General Ashley Gagnon filed a motion to dismiss the Complaint on behalf of Defendant Walsh. (ECF No. 10.) The certificate of service indicates that Ms. Gagnon served the motion on Plaintiff at Southern State Correctional Facility. (ECF No. 10-1.)

On July 8, 2016, the Court issued a Memorandum and Order permitting Plaintiff to submit an Amended Complaint within 30 days of his receipt of the Court's Order. (ECF No. 15.) The Court also denied Defendant Walsh's first motion to dismiss without prejudice in light of Plaintiff's request to submit an Amended Complaint, and permitted Defendant Walsh to file a motion to dismiss the Amended Complaint. (*Id.*)

  b.  **The Amended Complaint**

Plaintiff's Amended Complaint, which is dated July 29, 2016, was docketed on August 19, 2016. (ECF No. 16.) In his Amended Complaint, Plaintiff states that Defendant Walsh "sought to have [Plaintiff] indicted for the crime(s) of (Att) Burglary, Burglary, Theft, and [H]indering [A]pprehension or Prosecution." (ECF No. 16, Am. Compl. at 10.) Plaintiff alleges that "Officer Walsh and the Raritan Police Department had knowledge of the crime being committed by another actor, as shown in video footage provided by the reporting party." (*Id.*) Plaintiff appears to allege that the Raritan Police asked Plaintiff to come to the police station to make a statement, and Plaintiff told the officer that he "had nothing to say, you have a video."

3

Plaintiff's Amended Complaint also states the following:

> As to the charge of Discrimination & Racial Profiling, Officer Walsh charged me with the above crimes when he had knowledge of the crime being committed by another actor. However, Officer Walsh went in front of a Somerset County Grand Jury, to get a search warrant for Mr. Kevin Blanchard's residence in the month of June 2012. Officer Walsh discovered merchandise and proceeds from a burglary that was reported out of Bridgewater [T]ownship, as according to discovery. However, Officer Walsh never charged Mr. Blanchard. Detective Walsh charged me with crimes that he knew I had "No" knowledge of, but didn't charge Mr. Blanchard with crimes he was [on] video committing. The "only" difference between Mr. Blanchard and myself[] is that I'm Black and Spanish, and [Blanchard] is Caucasion [sic].
>
> As to the accusation of OFFICAL MISCONDUCT, officer Walsh, knew that [a] crime was committed but declined to file charges, as to his sworn duties."

(*Id.* at 11.)

The disposition of the criminal charges at issue is confusing at best. Plaintiff states in his Amended Complaint that the charges against him "were dropped on May 13, 2013" (*Id.* at 10), and cites to attachments to his Amended Complaint. Included in those attachments is a copy of the relevant indictment, Indictment No. 12-07-00540-I, which indicates that the alleged criminal acts at issue occurred on June 7, 2012, and that Plaintiff was indicted on one count each of third degree Attempted Burglary, third degree Burglary, fourth degree Theft, and fourth degree Hindering Apprehension or Prosecution. (Id. at 7.) The Indictment includes a handwritten date of July, 19, 2012. (*Id.*) Plaintiff has also attached to the Amended Complaint a document entitled "New Jersey Promis/Gavel Event Detail", which lists Plaintiff's arraignment date as June 27, 2012. (*Id.* at 9.)

Plaintiff has also attached to the Amended Complaint several pages of a "Plea Form" that describes a global plea deal on multiple indictments in which Plaintiff would plead guilty to fourth degree Hindering on Indictment No. 12-07-00540-I with dismissal of the remaining

charges on that indictment. (*See* ECF No. 16, Am. Compl. at 12-13.) Plaintiff appears to state, however, that he refused to agree to the global plea deal, which allegedly caused the prosecutor to seek an extended term. (*Id.* at 16.) In his "State[ment] of Claims", Plaintiff also states that he was convicted on the "sole charge of Hindering" on Indictment 12-07-00540-I, and filed a petition for post-conviction relief with respect to that conviction; his appeal, however, was not heard because he "maxed the sentence out[.]"[1] (*Id.*) In this regard, the Court notes that the New Jersey Department of Corrections Inmate Locator, which is a publically available website, indicates that Plaintiff was sentenced on May 13, 2013 to eighteen months of imprisonment on one count of fourth degree Hindering on Indictment No. 12-07-00540-I.[2]

   **c. The Current Motion**

On September 15, 2016, Defendant Walsh filed a "Motion to Dismiss Plaintiff's Amended Complaint and Motion for Summary Judgment as to Plaintiff's False Arrest and False Imprisonment Claims[.]" (ECF No. 19.) The motion does not include a L. Civ. R. 56.1 statement of material facts not in dispute ("L. Civ. R. 56.1 statement"). (*See* ECF No. 19.) Plaintiff's opposition brief, which is dated November 9, 2016, was docketed on February 2, 2017. (ECF No. 25.) Defendant Walsh submitted his reply brief the following day. (ECF No. 26.)

---

[1] Plaintiff also included a portion of his pro se "PCR Summary Brief" in connection his conviction on Indictment No. 12-07-00540-I. (*Id.* at 15-18.)

[2] *See* https://www20.state.nj.us/DOC_Inmate/details?x=1007564&n=0, last visited on April 3, 2017.

## III.  STANDARD OF REVIEW

Under the Prison Litigation Reform Act of 1995 (the "PLRA"), district courts must review complaints in those civil actions in which a person is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). As noted above, the PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

Here, Plaintiff's Amended Complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). When reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), courts first separate the factual and legal elements of the claims, and accept all of the well-pleaded facts as true. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). All reasonable inferences must be made in the plaintiff's favor. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The complaint must also allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (citation omitted).

Courts are required to liberally construe pleadings drafted by *pro se* parties. *Tucker v. Hewlett Packard, Inc.*, No. 14-4699 (RBK/KMW), 2015 WL 6560645, at *2 (D.N.J. Oct. 29, 2015) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Such pleadings are "held to less strict standards than formal pleadings drafted by lawyers." *Id.* Nevertheless, *pro se* litigants must still allege facts, which if taken as true, will suggest the required elements of any claim that is asserted. *Id*. (citing *Mala v. Crown Bay Marina*, Inc., 704 F.3d 239, 245 (3d Cir. 2013)). To do so, [a plaintiff] must plead enough facts, accepted as true, to plausibly suggest entitlement to relief." *Gibney v. Fitzgibbon*, 547 F. App'x 111, 113 (3d Cir. 2013) (citing *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012)). "Liberal construction does not, however, require the Court to credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Id.* (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). That is, "[e]ven a *pro se* complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief. *Id.* (citing *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981)).

IV. <u>ANALYSIS</u>

a. **Defendant's Hybrid Motion to Dismiss and for Summary Judgment**

The Court begins by noting that Defendant has filed what is best described as a hybrid motion seeking dismissal of the Amended Complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) <u>and</u> summary judgment under Fed. R. Civ. P. 56. Defendant has not, however, complied with L. Civ. R. 56.1(a), which requires the filing of a L. Civ. R. 56.1 statement in connection with a motion for summary judgment. *See* L. Civ. R. 56.1(a)(stating that "[a] motion for summary judgment unaccompanied by a statement of material facts not in dispute <u>shall be dismissed</u>")(emphasis added). The Court declines to grant Defendant's motion for summary

7

judgment in the absence of a L. Civ. R. 56.1 statement, and will dismiss the motion as improperly filed.

### b. Motion to Dismiss and Screening Under 28 U.S.C. 1915(e)(2)(B)

The Court will, however, screen the Amended Complaint pursuant to its screening authority under 28 U.S.C. 1915(e)(2)(B), which uses the same standard as a motion to dismiss under Rule 12, and will take into account Defendant's arguments for dismissal. As explained below, the Court construes Plaintiff's Amended Complaint to allege § 1983 claims against Defendant Walsh in his personal capacity for false arrest, false imprisonment, malicious prosecution, and selective enforcement.[3] The Court also construes Plaintiff to attempt to allege a state law claim for Official Misconduct under N.J.S.A. 2C:30-2. The Court addresses the sufficiency of each of these claims below.

#### 1. False Arrest and False Imprisonment Claims

Based on the information in Plaintiff's Amended Complaint, the Court dismisses the §1983 claims for false arrest and false imprisonment claims as untimely, but, without prejudice. The state statute of limitations for personal injury actions applies to all § 1983 claims. *Wilson v. Garcia*, 471 U.S. 261, 280 (1985). In New Jersey, the applicable statute of limitations period is

---

[3] The State argues that the official capacity claims for damages against Defendant Walsh must be dismissed on the basis of Eleventh Amendment immunity and because Defendant is not a person in his official capacity; the Court, however, does not construe Plaintiff to assert a section § 1983 claim against Defendant Walsh in his official capacity. Nevertheless, it appears well settled that county prosecutor's office detectives, when performing investigative functions such as those performed by Walsh here, are agents of State and are entitled to sovereign immunity for damages claims brought against them in their official capacities. *See Beightler v. Office of Essex County Prosecutor*, 342 F. App'x 829, 832–33 (3d Cir.2009); *Coleman v. Kaye*, 87 F.3d 1491, 1500–02 (3d Cir.1996); *Pitman v. Ottehberg*, No. 10–2538, 2015 WL 179392, at *6 (D.N.J. Jan.14, 2015); *Wright v. State* 169 N.J. 422, 778 A.2d 443, 456–58 (2001); *In re Camden Police Cases*, Nos. 11–1315, 10–4757, 2011 WL 3651318, at *9 (D.N.J. Aug.18, 2011); *Johnson v. Stith*, No. CIV.A. 14-5032, 2015 WL 4997413, at *4 (D.N.J. Aug. 20, 2015) (explaining same). Thus, had Plaintiff raised such a claim against Defendant Walsh, it would be subject to dismissal.

two years. *Cito v. Bridgewater Twp. Police Dept.*, 892 F.2d 23, 25 (3d Cir. 1989); *see* N.J.S.A. 2A:14-2 (New Jersey statute of limitations of 2 years for "actions for injury to persons by wrongful action,").

Although the statute of limitations period is borrowed from the law of the forum state, federal law governs the accrual of such claims.[4] *Wiltz v. Middlesex County Office of Prosecutor*, 2006 WL 1966654, at *4 (D.N.J. Jul. 12, 2006) (citations omitted). The Supreme Court has determined that for claims of unlawful arrest, the "statute begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007); *Dique v. New Jersey State Police*, 603 F.3d 181, 188 (3d Cir. 2010). Thus, although a claim of false arrest begins to accrue immediately upon the arrest at issue, *see Wallace*, 549 U.S. at 389–90 & n. 3; *Singleton v. DA Philadelphia*, 411 F. App'x 470, 472 (3d Cir. 2011) (ruling that accrual of a claim for false arrest occurred on the date that the plaintiff "was arrested and charges were filed against him"), the statute of limitations does not begin to run at the same time. Instead, the statute of limitations for a false arrest/imprisonment claim begins to run "when the individual is released, or becomes held pursuant to legal process," *i.e.*, is arraigned. *See Alexander v. Fletcher*, 367 F. App'x 289, 290 n. 2 (3d Cir. 2010) (citing *Wallace*, 549 U.S. at 389-90); *see also Pittman v. Metuchen Police Dep't*, 441 F. App'x 826, 828 (3d Cir. 2011) ("A claim for false imprisonment accrues when an arrestee appears before a magistrate and is bound over for trial, because, after that, he is being held pursuant to legal process.") (citing *Wallace*, 549 U.S. at 389–90).

---

[4] Under federal law, a claim accrues when the facts which support the claim reasonably should have become known to the plaintiff. *Sameric Corp. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998); *Cetel v. Kirwan Fin. Grp., Inc.*, 460 F.3d 494, 507 (3d Cir. 2006) (quoting *Mathews v. Kidder Peabody & Co.*, 260 F.3d 239, 252 (3d Cir. 2001)); *see also Large v. County of Montgomery*, 307 F. App'x 606, 606 (3d Cir. 2009).

Here, Plaintiff's § 1983 claims arising from alleged false arrest and false imprisonment are untimely because his Amended Complaint and accompanying attachments show that he was arraigned on the relevant charges on June 27, 2012, more than two years before he submitted his original Complaint, which is dated April 7, 2015.[5] *See Woodyard v. Cty. of Essex*, 514 F. App'x 177, 184 (3d Cir. 2013) (using arraignment date as the date on which limitations period began to run on false arrest and false imprisonment claims).

The statute of limitations is an affirmative defense that must generally be pleaded and proved by the defendants. *See Bethel v. Jendoco Const. Corp.*, 570 F.2d 1168, 1174 (3d Cir.1978) (statute of limitations on civil rights claim is an affirmative defense). While a plaintiff is not required to plead that the claim has been brought within the statute of limitations, *Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir.2002), the Supreme Court observed in *Jones v. Bock*, 549 U.S. 199, 215 (2007), that if the allegations of a complaint, "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *See also Archie v. City of Newark*, No. CIV. 12-3657 FSH, 2012 WL 2476229, at *2 (D.N.J. June 27, 2012) (explaining same); *see also Paluch v. Secretary Pennsylvania Dept. of Corrections*, 442 Fed. App'x 690, 694 n. 2 (3d Cir.2011) ("Although the statute of limitations applicable to § 1983 actions is an affirmative defense, which may be waived by the defendant, it is appropriate to dismiss sua sponte under § 1915(e)(2) a complaint whose untimeliness is apparent from the face of the record"); *McPherson v. United States*, 2010 WL 3446879 at *4 (3d Cir. Sept.2, 2010) ("[W]hen a statute-of-limitations defense is apparent from the face of the complaint, a court may *sua sponte* dismiss the complaint pursuant to 28 U.S.C. § 1915 or 28

---

[5] If the Court were to use the date of Plaintiff's indictment, which appears to be July 19, 2012, his claims for false arrest and false imprisonment would still be untimely under the two-year statute of limitations.

U.S.C. § 1915A"); *see also Archie v. City of Newark*, No. CIV. 12-3657 FSH, 2012 WL 2476229, at *3 (D.N.J. June 27, 2012) (dismissing complaint as time barred under *sua sponte* screening authority).

The Court notes that the statute of limitations may be equitably tolled, and state law generally governs whether a limitations period should be tolled. *Dique*, 603 F.3d at 185. Tolling is extraordinary relief that is appropriate only "in three general scenarios: (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum." *Lake v. Arnold*, 232 F.3d 360, 370, n. 9 (3d Cir. 2000).

In his Amended Complaint, Plaintiff appears to allege that he waited to file his original Complaint because he believed that the statute of limitations would not begin to run on his false arrest and false imprisonment claims until the charges against him were dropped. (ECF No. 16, Am. Comp. at 10.) This mistaken belief does not amount to extraordinary circumstances and none of the other circumstances warranting equitable tolling appear to apply. As such, because Defendant has moved for dismissal of the false arrest and false imprisonment claims, and because it is apparent from the face of the Amended Complaint that Plaintiff's § 1983 claims are time barred, this Court will dismiss the false arrest and false imprisonment claims as untimely. The Court will permit Plaintiff to file an Amended Complaint within 30 days with respect to his false arrest and false imprisonment claims <u>only if</u> he is able to provide facts showing that he is entitled to equitable tolling on these claims.

### 2. Malicious Prosecution Claim

The Court also construes Plaintiff's Amended Complaint to raise a § 1983 claim for malicious prosecution against Defendant Walsh in his personal capacity for his role in Plaintiff's prosecution.[6] Unlike false arrest and false imprisonment, the statute of limitations for a malicious prosecution claim under Section 1983 accrues on the day that the criminal proceedings against a plaintiff are terminated in his or her favor. *Torres v. McLaughlin*, 163 F.3d 169, 177 (3d Cir. 1998); *see also Kossler v. Crisanti*, 564 F.3d 181, 186–87 (3d Cir. 2009); *Ginter v. Skahill*, 298 F. App'x. 161, 163 (3d Cir. 2008) ("When false arrest is the basis of the § 1983 action, the statute of limitations normally begins to run at the time of arrest. Claims alleging malicious prosecution do not accrue until charges are dismissed.")(citing *Montgomery v. DeSimone*, 159 F.3d 120, 126 (3d Cir. 1998) and *Smith v. Holtz*, 87 F.3d 108, 111 (3d Cir. 1996) (internal quotations omitted)).

To plead a claim for malicious prosecution, a plaintiff must show that (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *Kossler*, 564 F.3d at 186 (quotation marks omitted); *see also Malcomb v. McKean*, 535 F. App'x 184, 186 (3d Cir. 2013).

---

[6] The Court did not construe Plaintiff to raise a malicious prosecution claim in his original Complaint. In his Amended Complaint, however, Plaintiff has stated that Walsh "sought to have [Plaintiff] indicted for the crime(s) of (Att) Burglary, Burglary, Theft, and [H]indering [A]pprehension or Prosecution." (ECF No. 16, Am. Compl. at 10.) Construed liberally, these facts suggest that Defendant Walsh was involved in the initiation of his prosecution for the underlying offenses.

The Court assumes for purposes of this screening that the malicious prosecution claim is timely, as it appears that some of the underlying charges were dismissed on May 13, 2013, and Plaintiff original Complaint is dated is dated April 7, 2015. (ECF No. 1.) The Court will nevertheless dismiss the malicious prosecution claim without prejudice because Plaintiff has not provide sufficient information about the disposition of the underlying charges for the Court to assess element two, known as the favorable termination requirement. That requirement exists "to avoid 'the possibility of the claimant [sic] succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction.'" *Kossler*, 564 F.3d at 187 (alteration in original) (quoting *Heck v. Humphrey*, 512 U.S. 477, 484 (1994)). To avoid such a conflicting outcome, the prior disposition of the criminal case must show "the innocence of the accused." *Malcomb*, 535 F. App'x at 186 (citing *Kossler*, 564 F.3d at 186).

Plaintiff's Amended Complaint also provides facts suggesting the remaining charges were dismissed as part of a plea deal. In the context of a malicious prosecution claim, a dismissal of charges as part of a plea deal is generally insufficient to show favorable termination. *See Pittman v. Metuchen Police Dep't*, 441 F. App'x 826, 829–30 (3d Cir. 2011) (affirming dismissal of malicious prosecution claim where charges for peering and resisting arrest charges were withdrawn pursuant to an agreement or compromise with the defendant and explaining that such termination is not considered favorable for purposes of a malicious prosecution action); *White v. Brown*, 408 F. App'x 595, 599 (3d Cir. 2010) ("That the dismissal of those charges resulted from White's plea agreement with the prosecution, and not his innocence, means that he cannot establish favorable termination for purposes of a § 1983 action for malicious

13

prosecution."); *Marable v. West Pottsgrove Twp.*, 176 F. App'x 275, 281 n. 1 (3d Cir. 2006) ( "A prosecutor's decision to drop charges as part of a compromise with the accused does not amount to a 'favorable termination' of state proceedings for purposes of permitting the accused to maintain a subsequent claim under § 1983 for malicious prosecution.") (internal citation omitted)); *McGann v. Collingswood Police Dep't*, No. 10–3458, 2012 WL 6568397, at *7 (D.N.J. Dec.17, 2012) ("Thus, even '[i]f the prosecutor drops the charges as part of a compromise with the accused, the accused will fail the favorable termination prong necessary to maintain a malicious prosecution claim under § 1983." (citation omitted)); *Keeler v. City of Hammonton*, No. 11-CV-02745 RMB/JS, 2013 WL 6499257, at *2 (D.N.J. Dec. 11, 2013) (finding that dismissal of charges as part of a plea agreement does not satisfy favorable termination element for malicious prosecution).

"A plaintiff may attempt to indicate his innocence by demonstrating that his prior criminal proceeding terminated ... [due to] the formal abandonment of the proceedings by the public prosecutor", *Kossler* 564 F.3d at 187; however, not all administrative decisions to abandon prosecutions amount to favorable terminations. *Morris v. Verniero*, 453 F. App'x 243, 245–46 (3d Cir. 2011) (citing *Donahue v. Gavin*, 280 F.3d 371 (3d Cir. 2002) (holding that a prosecutor's decision to dismiss a case in the interest of judicial economy did not constitute a favorable termination); *Donahue v. Gavin*, 280 F.3d 371, 383 (3d Cir. 2002) ("[a] nol pros signifies termination of charges in favor of the accused 'only when their final disposition is such as to indicate the innocence of the accused.'")(quoting Restatement (Second) of Torts: Indecisive Termination of Proceedings § 660, cmt. a); *see also Hector v. Watt*, 235 F.3d 154, 156 (3d Cir. 2000) (malicious prosecution plaintiff must be innocent of the crime charged in the underlying prosecution)); *see also Malcomb*, 535 F. App'x at 185-86 (favorable termination established

where prosecutor "request[ed] that a *Nolle Prosequi* be granted as to the entire Information[ ] and criminal complaints for the reason: In the interest of Justice"). Dismissal of charges based on insufficient evidence of guilt is typically considered a favorable termination. *See Hilfirty v. Shipman*, 91 F.3d 573, 579–80 (3d Cir. 1996) (applying Pennsylvania law).

Plaintiff states in his Amended Complaint that the charges against him "were dropped on May 13, 2013." (ECF No. 16, at 10.) However, it appears from Plaintiff's Amended Complaint and attachments and the available public record that Plaintiff pleaded guilty to one count of fourth degree Hindering on the relevant Indictment, *i.e.*, Indictment No. 12-07-00540-I. (*See id.* at 16.) To the extent the other charges were "dropped," Plaintiff has not provided any facts showing that the matter terminated in a manner showing his innocence of those charges, *i.e.*, that the prosecutor abandoned the other charges in the interest of justice, due to lack of evidence, or for another reason tending to show Plaintiff's innocence. As such, the Court will dismiss without prejudice his § 1983 claim for malicious prosecution against Defendant Walsh at this time. To the extent Plaintiff can supply facts showing favorable termination, he may submit an Amended Complaint with respect to his malicious prosecution claim within 30 days.

### 3. Selective Enforcement

The Court also construes Plaintiff's Amended Complaint to raise a § 1983 claim for selective enforcement against Defendant Walsh in his personal capacity based on Defendant's decision to pursue charges against Plaintiff allegedly on the basis of Plaintiff's race. "A decision to prosecute is selective and violates the right to equal protection when it is made on a discriminatory basis with an improper motive." *Morris v. Verniero*, 453 F. App'x 243, 246 (3d Cir. 2011) (citing *United States v. Schoolcraft*, 879 F.2d 64, 68 (3d Cir. 1989)). To establish a selective-enforcement claim, a plaintiff must demonstrate (1) that he was treated differently from

15

other similarly situated individuals, and (2) "that this selective treatment was based on an 'unjustifiable standard, such as race, or religion, or some other arbitrary factor, ... or to prevent the exercise of a fundamental right.'" *Hill v. City of Scranton*, 411 F.3d 118, 125 (3d Cir. 2005) (quoting *Holder v. City of Allentown*, 987 F.2d 188, 197 (3d Cir. 1993)).

Construed liberally, Plaintiff's Amended Complaint alleges that Defendant Walsh viewed a video of Mr. Blanchard, who is Caucasian, committing the robbery in question and knew that Plaintiff, who is Black and Spanish, had no knowledge of the robbery. According to Plaintiff, Walsh nevertheless sought to charge Plaintiff with the robbery and declined to charge Mr. Blanchard, despite the video evidence. Plaintiff further alleges that this decision was improperly based on the respective races of Plaintiff and Mr. Blanchard. Thus, it appears that Plaintiff adequately states a claim for selective enforcement, as Plaintiff was charged with the robbery and related offenses, while Mr. Blanchard, who is similarly situated to Plaintiff, was not, and Plaintiff has alleged that these enforcement decisions were made on the basis of race.[7]

Because Plaintiff was arrested by Defendant Walsh and arraigned on the relevant charges in June 2012, Plaintiff's claim for selective enforcement appears to be untimely, unless the two-year limitations period is tolled by the discovery rule or is otherwise equitably tolled.[8]

---

[7] Defendant appears to contend that he is entitled to qualified immunity because Plaintiff's allegations of discrimination and racial profiling are conclusory and because Plaintiff does not "specify the cause of action, or which statutes [under which] he is bringing these claims." (ECF No. 19-3, Moving Brief at 12.) Because he is proceeding *pro se*, Plaintiff is not obligated to identify the specific statutes under which he seeks relief, and the Court is required to construe his claims liberally in determining whether he states a claim for relief.

[8] As noted above, state law generally governs whether a limitations period should be tolled. *Dique*, 603 F.3d at 185. Under New Jersey law, the discovery rule is an equitable principle that may justify tolling. *See Freeman v. State*, 347 N.J. Super. 11, 28 (App. Div. 2002). The discovery rule postpones accrual of a claim where a plaintiff is reasonably unaware that he has suffered an injury or, even though he is aware of the injury, [he is reasonably unaware] that it was the fault of an identifiable person." *See Caravaggio v. D'Agostini*, 166 N.J. 237, 246 (N.J. 2001). "As set out by the New Jersey Supreme Court, the accrual of the claim will be postponed

Typically, a "selective-enforcement claim will accrue at the time that the wrongful act resulting in damages occurs."[9] *Dique*, 603 F.3d at 188. Under certain circumstances, however, a plaintiff may be reasonably unaware that he has been subject to selective enforcement, and therefore injured. *Id.* In such circumstances, the selective enforcement claim does not accrue until the plaintiff becomes aware that he has been the victim of selective enforcement. *Id.* The plaintiff in *Dique*, for instance, was "reasonably unaware of his injury because [the arresting officer] purported to stop his car for a speeding violation." *Dique*, 603 F.3d at 188. Accordingly, the *Dique* plaintiff's selective-enforcement claim did not accrue, under the discovery rule, until "his

---

until the 'injured party discovers, or by exercise of reasonable diligence and intelligence should have discovered[,] that he may have a basis for an actionable claim.'" *Dique*, 603 F.3d at 185 (quoting *Lopez v. Swyer*, 62 N.J. 267, 270 (1973)) (brackets in original); *see also Lapka v. Porter Hayden Co.*, 162 N.J. 545, 554 (2000). In other words, "[t]he discovery rule prevents the statute of limitations from running when injured parties reasonably are unaware that they have been injured, or, although aware of an injury, do not know that the injury is attributable to the fault of another." *Kendall v. Hoffman-La Roche, Inc.*, 209 N.J. 173, 191 (2012) (quoting *Baird v. Am. Med. Optics*, 155 N.J. 54, 66 (1998)). In circumstances where the relationship between a plaintiff's injury and defendant's fault is not self-evident, "it must be shown that a reasonable person, in plaintiff's circumstances, would have been aware of such fault in order to bar her from invoking the discovery rule." *Kendall*, 209 N.J. at 192.

[9] As explained in the previous section, federal law governs a cause of action's accrual date. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). "The determination of the time at which a claim accrues is an objective inquiry; [courts] ask not what the plaintiff actually knew but what a reasonable person should have known." *Kach*, 589 F.3d at 634. Importantly, accrual is not tied to whether the potential claimant knew or should have known that the injury constitutes a legal wrong. *Giles v. City of Philadelphia*, 542 F. App'x. 121, 123 (3d Cir. 2013) (citing *Sandutch v. Muroski*, 684 F.2d 252, 254 (3d Cir. 1982)). Rather, "a cause of action accrues when the fact of injury and its connection to the defendant would be recognized by a reasonable person." *Kriss v. Fayette Cty.*, 827 F. Supp. 2d 477, 484 (W.D. Pa. 2011) aff'd, 504 F. App'x. 182 (3d Cir. 2012). Accordingly, "[a]s a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury." *Kach*, 589 F.3d at 634.

attorney became aware of the extensive documents describing the State's pervasive selective-enforcement practices," including performing traffic stops on the basis of racial profiling. *Id.*

In a prior decision, this Court distinguished *Dique* and found that plaintiffs who alleged that they were arrested <u>without probable cause</u>, *i.e.*, for no reason, should reasonably have discovered their selective enforcement injuries at the time of their arrest. *See Love v. N.J. State Police*, Civ. No. 14-1313 (FLW), 2016 U.S. Dist. LEXIS 69562, at *37 (D.N.J. May 26, 2016) (finding plaintiffs should reasonably have discovered their selective enforcement injuries at the time of arrest and search, because plaintiffs were allegedly arrested for "no apparent reason" and defendants purportedly falsely claimed to have discovered controlled substances in their search of plaintiffs' persons and car). Similarly, the facts alleged in the Amended Complaint indicate that Plaintiff knew at the time of his arrest that he had been injured by Defendant Walsh, as Walsh allegedly lacked probable cause to arrest Plaintiff for the robbery and knew of the existence of the video tape, which showed Mr. Blanchard committing the robbery. As such, at the time of his arrest and imprisonment in June 2012, Plaintiff reasonably should have discovered his selective enforcement injuries. As such, based on the facts in the Amended Complaint, it appears that the discovery rule does not apply to Plaintiff's selective enforcement claim against Defendant Walsh, and the Court will dismiss the selective enforcement claim as barred by the applicable statute of limitations. Plaintiff may submit an Amended Complaint within 30 days to the extent he is able to provide facts showing that the discovery rule applies to his claim or that he is otherwise entitled to equitable tolling.

### 4. State Law Claim for Official Misconduct

Finally, it appears that Plaintiff is attempting to raise a state law claim for official misconduct, under N.J.S.A. 2C:30-2 of the New Jersey Criminal Code, which reads as follows:

> A public servant is guilty of official misconduct when, with purpose to obtain a benefit for himself or another or to injure or to deprive another of a benefit:
>
> a. He commits an act relating to his office but constituting an unauthorized exercise of his official functions, knowing that such act is unauthorized or he is committing such act in an unauthorized manner; or
>
> b. He knowingly refrains from performing a duty which is imposed upon him by law or is clearly inherent in the nature of his office.
>
> Official misconduct is a crime of the second degree. If the benefit obtained or sought to be obtained, or of which another is deprived or sought to be deprived, is of a value of $200.00 or less, the offense of official misconduct is a crime of the third degree.

The Court will dismiss this claim pursuant to its screening authority under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim for relief, as Plaintiff has not pleaded that he has a private right of action under this provision of the New Jersey Criminal Code, and the Court has not found authority for that proposition. Indeed, it appears that Plaintiff has no private right of action to enforce alleged violations of the criminal code. *See, e.g., Bradicich v. Twp. of Hanover*, No. A-0561-09T3, 2010 WL 4007341, at *4 (N.J. Super. Ct. App. Div. Oct. 14, 2010) ("To the extent that plaintiff contends that the officers' actions may have constituted a violation of various sections of our criminal code, such claims would not give rise to a private right of action."); *Agresta v. Goode*, 797 F. Supp. 399, 409 (E.D. Pa. 1992) ("I am unwilling to imply from a criminal statute a private right of action that will have the effect of significantly increasing public officials' exposure to civil liability under state law.") The court will dismiss with prejudice the state-law claim against Defendant Walsh for Official Misconduct under N.J.S.A. 2C:30-2.

## V. **CONCLUSION**

For the reasons explained in this Opinion, the Court denies Defendant's hybrid motion for failure to comply with the Local Civil Rules. Pursuant to the Court's screening authority

under 28 U.S.C. § 1915(e)(2)(B), the Court dismisses without prejudice the § 1983 claims for false arrest, false imprisonment, malicious prosecution, and selective enforcement, as alleged against Defendant Walsh in his personal capacity. The Court dismisses with prejudice the state law claim for Official Misconduct. Plaintiff may file a Second Amended Complaint within 30 days to the extent he can cure the deficiencies his § 1983 claims, as described in this Opinion.

/s/ Freda L. Wolfson
Freda L. Wolfson
United States District Judge