*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICCO JONES, | : |
| Plaintiff, | : Civ. No. 15-2629 (FLW) (LHG) |
| v. | : |
| JOSEPH WALSH JR., | : OPINION |
| Defendant. | : |

**FREDA L. WOLFSON, U.S.D.J.**

## I. INTRODUCTION

Plaintiff Ricco Jones ("Jones"), a state prisoner, is presently incarcerated at the Somerset County Jail, in Somerville, New Jersey. He is proceeding *pro se* with a Second Amended Complaint asserting claims under 42 U.S.C. § 1983. (ECF No. 33.) Before the Court is an unopposed motion by defendant Joseph Walsh Jr. ("Walsh"), to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 42.) For the following reasons, the motion is granted.

## II. BACKGROUND

The underlying facts are somewhat difficult to discern from the litigants' filings, but it appears that Walsh, a detective with the Somerset County Prosecutor's Office ("SCPO"), arrested Jones in June 2012 for burglary, theft, and hindering apprehension or prosecution. (*See* Compl., ECF No. 1, ¶6.) The SCPO apparently indicted Jones on or around July 19, 2012, on five counts: (1) third-degree attempted burglary, under New Jersey Statutes Annotated §§ 2C:5-1 and 2C:18-2; (2) third-degree burglary, under § 2C:18-2; (3) fourth-degree theft, under §

2C:20-3; (4) fourth-degree hindering of his own apprehension or prosecution, under § 2C:29-3(b)(4); and (5) fourth-degree hindering of the apprehension or prosecution of Kevin Blanchard ("Blanchard"), under § 2C:29-3(a)(7). (*See* 1st Am. Compl., Ex., Indict. No. 12-07-540 (July 19, 2012), ECF No. 16, at ECF pp. 7–8.) It appears that as part of a plea agreement, the prosecution recommended dismissal of four of the five claims and that Jones plead guilty to Count Five, for hindering apprehension of Blanchard, as well as several charges under other indictments.[1] (*See* 1st Am. Compl., Ex., Plea Form (May 14, 2013), ECF No. 16, at ECF pp. 12–13.) As this Court has previously explained, Jones, under the indictment in question, was apparently sentenced to eighteen months imprisonment on one count of hindering apprehension or prosecution. (*See* Op. (Apr. 7, 2017), ECF No. 31, at 5.)

Jones commenced this action on April 13, 2015, asserting claims under 42 U.S.C. § 1983 against Walsh, as well as the SCPO, Assistant Prosecutor Matthew Murphy, and John Doe defendants. (*See* ECF No. 1.) The Court granted Jones leave to proceed *in forma pauperis*, (ECF No. 2), and screened the Complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, (ECF Nos. 3, 4.) I construed the Complaint as asserting claims for false arrest, false imprisonment, and malicious prosecution. (Op. (Sept. 9, 2015), ECF No. 3, at 4.) In that regard, I permitted the federal false-arrest and false-imprisonment claims to proceed solely against Walsh and dismissed all other claims. (ECF Nos. 3, 4.)

Jones subsequently filed a First Amended Complaint alleging claims for state law claims of false arrest, false imprisonment, malicious prosecution, selective enforcement, and official misconduct under New Jersey criminal law against Walsh. (*See* ECF No. 16.) On April 7, 2017, the Court, upon another *sua sponte* screening and considering arguments raised in a dismissal

---

[1] Jones contests whether he in fact agreed to this global plea agreement. (*See* ECF No. 16 at ECF p. 16; 2nd Am. Compl., ECF No. 33, at 4–5.)

motion by Walsh, dismissed the false-arrest, false-imprisonment, and selective-enforcement claims as untimely, dismissed the malicious-prosecution claim for failure to show favorable termination, and dismissed with prejudice Jones's claim for official misconduct. (ECF Nos. 31, 32.) However, I permitted Jones to file a Second Amended Complaint within thirty days "to the extent he can cure the deficiencies in his § 1983 claims, as described in this Opinion." (ECF No. 31 at 20.)

Jones filed his Second Amended Complaint on May 1, 2017, which asserted claims against Walsh for malicious prosecution and selective enforcement. (2nd Am. Compl., ECF No. 33.) Jones alleges that he was arrested and prosecuted for crimes committed by Blanchard, despite the fact that evidence existed linking Blanchard to those and prior crimes. (*Id.* at ECF pp. 4–5.) He further claims that, during court appearances, his attorney "advised him that 'all' false charges were to be dismissed," and Jones states that he "was not aware that he pled guilty to one count of Hindering Apprehension." (*Id.*) He alleges that this issue was not addressed during post-conviction-relief proceedings because he "had already maxed the sentence." (*Id.*)

In support of his malicious-prosecution claim, Jones argues that Walsh "initiated the criminal proceedings against the plaintiff" and that "[t]he criminal proceedings ended in the plaintiff's favor, do [sic] to lack of evidence.In [sic] the form of surveillance video and there were no statements against plaintiff." (*Id.* at ECF p. 6.) Jones claims that Walsh "had no probable cause" and that he sought to retaliate against Jones for "not cooperating and willing [sic] to testify against the actual 'actor' whom [sic] committed the crime(s)." (*Id.*) Plaintiff asserts that he "received the full extended term when he would not take a 'Global Plea'.That [sic] included the false charges and the fact that [Walsh] had 'no' probable cause." (*Id.*)

3

In relation to his selective-enforcement claim, Jones argues that he received a ten-year prison term, with five years parole disqualification, for crimes committed by "another actor," while Blanchard received only an eight-year term, with four years parole disqualification. (*Id.* at ECF p. 7.) Jones contends that the only difference between him and Blanchard is that he is black and Hispanic, while Blanchard is white. (*Id.*) For these claims, Jones seeks to recover both compensatory and punitive damages. (*Id.* at ECF p. 8.)

On August 25, 2017, Walsh filed a motion to dismiss the Second Amended Complaint for failure to state a claim, under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 42.) He again argues that Jones's claims must be dismissed as asserted against him in his official capacity under the doctrine of sovereign immunity[2] and as he would not be considered a "person" for the purposes of § 1983. (Br. in Supp., ECF No. 42-3, at 9–12.) He further argues that the claims must be dismissed as against him as he is entitled to qualified immunity. (*Id.* at 12–15.) Finally, Walsh argues that the Second Amended Complaint fails to state any cognizable claim for malicious prosecution or selective enforcement.[3] (*Id.* at 15–19.)

Jones filed no opposition to this motion.

---

[2]  The Court notes that sovereign immunity is more properly an argument for lack of subject-matter jurisdiction, under Federal Rule of Civil Procedure 12(b)(1). *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996) ("[T]he Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction.") (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–100 (1984)). Given the result of the motion as a whole, this distinction requires no further discussion at this time.

[3]  For the sake of clarity, these arguments are outlined in further detail in conjunction with the Court's analysis.

## III. LEGAL STANDARDS

### A. Dismissal Under Rule 12(b)(6)

In resolving a motion to dismiss for failure to state a claim, under Rule 12(b)(6), "'courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)); *see also Zimmerman v. Corbett*, 873 F.3d 414, 417–18 (3d Cir. 2017); *Revell v. Port Auth. of N.Y. & N.J.*, 598 F.3d 128, 134 (3d Cir. 2010). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). In addition to the allegations of the complaint, a court may consider matters of public record, documents specifically referenced in or attached to the complaint, and documents integral to the allegations raised in the complaint. *Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 255 n.5 (3d Cir. 2004).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972) (per curiam); *Glunk v. Noone*, 689 F. App'x 137, 139 (3d Cir. 2017) (per

5

curiam). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

**B. 42 U.S.C. § 1983**

As a general matter, a plaintiff may assert a cause of action under 42 U.S.C. § 1983 for certain violations of constitutional rights. That section provides,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

## IV. ANALYSIS

**A. Arguments Concerning Claims Against Walsh in His Official Capacity**

Walsh argues that claims against him in his official capacity must be dismissed as barred by Eleventh Amendment immunity and because Walsh, in his official capacity, is not considered a person for the purposes of § 1983. (ECF No. 42-3 at 9–12.) Walsh raised the same arguments in response to the First Amended Complaint. (*See* Br. in Supp., ECF No. 19-3, at 7–10.) The Court did not construe that Complaint as asserting any § 1983 claims against Walsh in his

official capacity, but noted that, had Jones asserted such claims, they would be dismissed as barred by Eleventh Amendment immunity. (ECF No. 31 at 8 & n.3.)

The result here is the same. Nothing in the Second Amended Complaint suggests that Jones (after being warned that such claims would be subject to dismissal) now seeks to hold Walsh liable in his official capacity. (*See* ECF No. 33.) As the Court does not construe the Second Amended Complaint as asserting claims against Walsh in his official capacity, a dismissal on this basis is not appropriate. If Jones's intended to assert his claims asserted against Walsh in Walsh's official capacity, they would be subject barred by Eleventh Amendment immunity. *See Beightler v. Office of Essex Cty. Prosecutor*, 342 F. App'x 829, 831–33 (3d Cir. 2009).

### B. Malicious Prosecution

To succeed on a claim for malicious prosecution, a plaintiff must establish five elements:

> (1) the defendants initiated a criminal proceeding;
> (2) the criminal proceeding ended in plaintiff's favor;
> (3) the proceeding was initiated without probable cause;
> (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and
> (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009) (internal quotation marks omitted); *see also Malcomb v. McKean*, 535 F. App'x 184, 186 (3d Cir. 2013). In screening the First Amended Complaint, the Court dismissed Jones's malicious-prosecution claim based upon his failure to "provide sufficient information about the disposition of the underlying charges for the Court to assess element two, known as the favorable termination requirement." (ECF No. 31 at 13.) The Court noted that Jones pleaded guilty to one count of hindering apprehension or prosecution. (*Id.* at 15.) It also noted that the dismissal of the other charges against Jones occurred as part of

7

the plea deal and that dismissal under such circumstances is insufficient to establish a favorable termination. (*Id.* at 13.) The Court stressed that Jones had "not provided any facts showing that the matter terminated in a manner showing his innocence of [the dismissed] charges, *i.e.*, that the prosecutor abandoned the other charges in the interest of justice, due to lack of evidence, or for another reason tending to show Plaintiff's innocence," and it permitted Jones to amend his pleading "[t]o the extent Plaintiff can supply facts showing favorable termination." (*Id.* at 15.)

Walsh now argues that Jones has failed to add any facts supporting a finding of favorable termination.[4] (ECF No. 42-3 at 17.) Jones's First Amended Complaint alleged simply that "the charges were dropped." (ECF No. 16 at ECF p. 10.) It also suggested that he may not have consented to or been aware of his guilty plea as to the hindering-apprehension count. (*Id.*) His Second Amended Complaint similarly alleges that Jones "was not aware that he pled guilty to one count of Hindering Apprehension." (ECF No. 33 at ECF p. 5.) The only other allegation Jones includes related to favorable termination is the statement that "[t]he criminal proceedings ended in the plaintiff's favor, do [sic] to lack of evidence.In [sic] the form of surveillance video and there were no statements against plaintiff." (*Id.* at ECF p. 6.)

A finding of favorable termination requires that the underlying criminal proceedings were "disposed of in a way that indicates the innocence of the accused." *Kossler*, 564 F.3d at 187. A malicious-prosecution plaintiff generally establishes a favorable termination by showing one of the following:

> (a) a discharge by a magistrate at a preliminary hearing, or
> (b) the refusal of a grand jury to indict, or

---

[4] Although Walsh argues for qualified immunity before presenting his contentions under Rule 12(b)(6), because the first step of a qualified-immunity analysis is to examine whether the plaintiff has sufficiently alleged that the defendant violated a constitutional or statutory right, that question overlaps with the issue of whether the plaintiff has stated a claim under § 1983. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). As such, the Court will consider that question first.

> (c) the formal abandonment of the proceedings by the public prosecutor, or
> (d) the quashing of an indictment or information, or
> (e) an acquittal, or
> (f) a final order in favor of the accused by a trial or appellate court.

*Id.* Favorable termination does not include a dismissal of certain counts as part of a plea agreement. *See Pittman v. Metuchen Police Dep't*, 441 F. App'x 826, 829–30 (3d Cir. 2011); *White v. Brown*, 408 F. App'x 595, 599 (3d Cir. 2010).

As the Second Amended Complaint acknowledges, and documents attached to the First Amended Complaint seem to confirm, Jones pleaded guilty to a count of hindering apprehension or prosecution and the other counts of the indictment against him were dismissed as part of the plea agreement. (*See* ECF No. 33 at ECF p. 5; ECF No. 16 at ECF pp. 12–13.) There is no indication that this plea has been subsequently vacated or otherwise invalidated.

To the extent that Jones contends that he entered into this plea arrangement unknowingly or involuntarily, this is an issue he must resolve with the state court before he may establish a favorable termination for a malicious-prosecution claim. Indeed, if Plaintiff were successful on his claim of malicious prosecution, that result would necessarily invalidate an underlying criminal conviction, which is not appropriate. *See Heck v. Humphrey*, 512 U.S. 477, 486 (1994) ("We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution."); *see also Bronowicz v. Allegheny Cty.*, 804 F.3d 338, 348 (3d Cir. 2015) ("Upon the imposition of the judgment of sentence . . . , Bronowicz did exactly what *Heck* requires—he appealed to a competent state tribunal which declared the judgment invalid.").

At the very least, Jones pled guilty for hindering apprehension or prosecution arising from the circumstances that form the basis for his claim. Despite his contention that this plea was unknowing or otherwise improper, Plaintiff cannot challenge the validity of the plea in a subsequent civil action. *See White*, 408 F. App'x at 599 n.4 ("[Plaintiff] has no cognizable § 1983 claim because he pled guilty and his conviction has not been reversed or vacated. If [plaintiff] seeks to challenge his guilty plea, he is limited to filing a petition for writ of habeas corpus or other appropriate petition for post-conviction relief." (internal citation omitted)).

Furthermore, Jones has not alleged circumstances that would permit the Court to conclude that the dismissals of other counts against him were indicative of his innocence, and not dismissals as a result of a plea agreement. *See Pittman*, 441 F. App'x at 829–30. Jones's assertion that the "criminal proceedings ended in the plaintiff's favor, do [sic] to lack of evidence," (ECF No. 33 at ECF p. 6), is nothing more than a "formulaic recitation of the elements" of a malicious-prosecution claim, *see Iqbal*, 556 U.S. at 681 (internal quotation marks omitted). Accordingly, the Court finds that Jones fails to state a claim for malicious prosecution. *See Blow v. Paterson Police Dep't*, Civ. A. No. 11-4268 (SRC), 2012 WL 266433 (D.N.J. Jan. 30, 2012) (dismissing malicious-prosecution claim for failure to plead favorable termination where plaintiff pleaded guilty to hindering-apprehension count while other count dismissed as part of plea agreement).

## C. Selective Enforcement

Establishing a selective-enforcement claim requires a plaintiff to show treatment different from other, similarly situated individuals and "that this selective treatment was based on an 'unjustifiable standard, such as race, or religion, or some other arbitrary factor, . . . or to prevent the exercise of a fundamental right.'" *Hill v. City of Scranton*, 411 F.3d 118, 125 (3d Cir. 2005)

(quoting *Holder v. City of Allentown*, 987 F.2d 188, 197 (3d Cir. 1993)). In the prior screening, the Court dismissed what it construed as a selective-enforcement claim arising from Jones's arrest and imprisonment as untimely, and it gave Jones an opportunity to amend his pleading with "facts showing that the discovery rule applies to his claim or that he is otherwise entitled to equitable tolling." (ECF No. 31 at 18.)

In his Second Amended Complaint, Jones alleges that he was subjected to selective enforcement because he received a sentence of ten years, with a five-year parole disqualifier, while Blanchard received only a sentence of eight years, with a four-year disqualifier, and that the only difference between the two men is their race. (ECF No. 33 at ECF p. 7.) Walsh argues that this theory of selective enforcement must be dismissed, as there is no allegation that Walsh had any role in sentencing Jones or Blanchard. (ECF No. 42-3 at 18.)

Personal involvement by the defendant in the alleged rights violation is central to a § 1983 claim. *See Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). "A plaintiff makes sufficient allegations of a defendant's personal involvement by describing the defendant's participation in or actual knowledge of and acquiescence in the wrongful conduct." *Id.* As Walsh correctly argues, the factual allegations relating to this claim now make no mention of any involvement by him. (See ECF No. 33 at ECF p. 7.)

While Jones seems to make some effort to show timeliness of his *prior* theory of selective enforcement (based on his arrest) by alleging that he did not view the surveillance videos until he was seeking post-conviction relief in May 2015, (ECF No. 33 at ECF p. 7), this fact, however, bears no relation to his new theory of selective enforcement arising from

11

sentencing.[5]  Accordingly, the selective-enforcement claim will also be dismissed for failure to state a claim under Rule 12(b)(6).[6]

## V. CONCLUSION

For the foregoing reasons, Walsh's motion to dismiss the Second Amended Complaint in this action for failure to state a claim, under Federal Rule of Civil Procedure 12(b)(6), (ECF No. 42), is GRANTED, and the Second Amended Complaint is dismissed.

An appropriate order follows.


DATED:  March 8, 2018                               /s/ Freda L. Wolfson
                                                    FREDA L. WOLFSON
                                                    United States District Judge

---

[5] Even if the issue were still relevant, Jones's prior filings clearly indicate that he was aware of the surveillance video showing Blanchard prior to May 2015, regardless of whether he had actually seen it.  (See ECF No. 1 at ECF p. 7; ECF No. 16 at ECF p. 10.)

[6] As all claims are being dismissed for failure to state a claim, the Court need not reach Walsh's arguments regarding qualified immunity.