UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICCO N. JONES, | : |
| Plaintiff, | : Civ.No. 15-2629 (FLW) (LHG) |
| | : Civ. No. 18-10189 (FLW(LHG) |
| v. | : |
| | : **MEMORANDUM & ORDER** |
| MATTHEW MURPHY et al., | : |
| Defendants. | : |

This matter has been opened to the Court by Plaintiff's filing of Amended Complaints in Jones v. Somerset County Prosecutor's Office, Civ. No. 15-2619, and Jones v. Murphy, Civ. No. 18-10189. Both actions arise from Plaintiff's arrest and subsequent prosecution in connection with a burglary at the Super Eight Motel in 2012. The Court previously provided leave for Plaintiff to submit an Amended Complaint in 18-10189, but did not provide leave for Plaintiff to submit a Third Amended Complaint in 15-2629 and denied that request. See Civ. No. 15-2629 at ECF No. 55; Civ. Act. No. 18-10189 at ECF No. 9. The Court will therefore direct the Clerk of the Court to STRIKE the Amended Complaint in 15-2629.[1] Although Plaintiff also submitted an Amended Complaint in 18-10189 on April 20, 2020, see Civ. No. 18-10189 at ECF No. 12, the

---

[1] Plaintiff also filed a third action, entitled Jones v. State of New Jersey, Civ. No. 19-21629, which asserts claims for malicious prosecution and *Monell* liability arising from his prosecution for the burglary at the Super 8 Motel in 2012. The Court notes that the Amended Complaint submitted in 15-2629 is the substantively the same as the Complaint Plaintiff submitted in Civ. No. 19-21629. Plaintiff alleges in both Complaints that he set aside his conviction in January 2018 in connection with the 2012 burglary. As such, it appears his malicious prosecution claims were not ripe in 2015 when Plaintiff filed his Complaint in Civ. No. 15-2629, and it is more appropriate to consider those claims in Civ. No. 19-21629. The Court has separately screened Civ. No. 19-21629 for dismissal pursuant to its screening authority under 28 U.S.C. § 1915(e).

Complaint contains no factual statement.[2]  The Court will therefore dismiss the Amended Complaint in Civ. No. 18-10189 pursuant to its screening authority for failure to state a claim for relief under 28 U.S.C. § 1915(e)(2)(B).  Further leave to amend as in Civ. Nos. 15-2629 and 18-10189 is DENIED, and both matters shall be marked as CLOSED.

**IT IS THEREFORE**, on this 26th day of April 2022,

**ORDERED** that the Clerk of the Court is directed to STRIKE the Third Amended Complaint in Civ. No. 15-2619 at ECF No. 58; and it is further

**ORDERED** that the Amended Complaint in Civ. No. 18-10189 at ECF No. 12 is dismissed in its entirety for failure to state a claim for relief pursuant to the Court's screening authority under 28 U.S.C. § 1915(e)(2)(B), as it contains no factual allegations; and it is further

**ORDERED** that further leave to amend in Civ. No. 15-2619 and Civ. No. 18-10189 is DENIED; and it is further

**ORDERED** that the Clerk of the Court shall file a copy of this Memorandum and Order in Civ. Act. No. 15-2619 and Civ. No. 18-10189; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum and Order to Plaintiff at the address on file and CLOSE both matters accordingly.

s/Freda L. Wolfson  
Freda L. Wolfson  
U.S. Chief District Judge

---

[2] In the statement of claims section of the Amended Complaint, Plaintiff wrote "See Attached," but there are no attachments to the Amended Complaint in 18-10189.